UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAYNALDO CASTRO AND LORRAINE CASTRO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF PAUL WAYNE CASTRO § § § § | CIVIL ACTION NO. 5:20-CV-105 |
| VS. § § | JURY TRIAL DEMANDED |
| THE GEO GROUP, INC. § | |

# **PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. Now come Raynaldo Castro and Lorraine Castro, Individually and on Behalf of the Estate of Paul Wayne Castro, complaining of Defendant The GEO Group Inc. may be served with process by serving its registered agent, Corporate Creations Network, Inc., 5444 Westheimer # 1000, Houston, TX 77056, by private process.

2. Venue is appropriate in this court as all the events complained of herein took place in Val Verde County, Texas.

3. At all relevant times, Paul Wayne Castro ("Castro" hereinafter) was incarcerated at the Val Verde Correctional Facility operated by the Defendant The GEO Group, Inc. ("GEO" hereinfter).  Shortly after midnight, on March 11, 2019, he was found hanging in his jail cell unresponsive.  He was taken to Val Verde Regional Medical Center, where he was placed on life support, and subsequently died.

4. Plaintiffs bring this suit, in part, pursuant to 42 U.S.C. §1983 for the deprivation of rights, privileges or immunities secured by the Constitution. In this regard, Plaintiffs would demonstrate that the Defendant acted under color of a statute, ordinance, regulation, custom or usage of the State of Texas or the United

States of America. Plaintiffs would demonstrate that the Decedent had a history of suicidal ideation and had previously attempted suicide which was known to employees of the Defendant. The Decedent specifically addressed employees of the Defendant shortly before his death, that he intended to hurt himself, and no precaution were put in place to address that possibility. In addition, Plaintiffs would demonstrate that the Defendant was negligent in failing to train its employees in addressing medical needs for suicidal detainees.

5. Plaintiffs bring this suit alleging negligence against the Defendant. Paul Wayne Castro was in the care and custody of the Val Verde Correctional Institute, owned and operated by the Defendant. GEO had overall management of the jail and responsible for the day to day operations. Castro was found dead while supposedly being monitored by GEO and its personnel and his death was caused by specific breaches of duty by Defendant GEO. Specifically an employee of GEO noticed that the lens on the camera monitoring Castro was blurry but did nothing to correct it. Said employee was uncertain if Castro was on suicide watch or not, an act of negligence unto itself, indicating negligent supervision, training and instruction. Said employee also noticed Castro standing on the toilet looking at the air vent. An officer observed Castro in his cell with a sheet around his neck. Later Castro was found hanging from by a sheet around his neck.

6. Plaintiffs herein would demonstrate that the Defendant was negligent in various regards, which negligence was a proximate cause of the occurrence in question, and Plaintiffs' injuries and damages in an amount in excess of the minimum jurisdiction of the Court, and in excess of $1,000,000.00 as follows:

   a.   In failing to properly monitor Paul Wayne Castro;
   b.   In failing to clean the lens in question; and
   c.   In failing to timely intervene in Paul Wayne Castro's suicide attempt.

7. This cause of actions is brought on behalf of the Raynaldo and Lorraine Castro under Section 71.021 of the Texas Civil Practice and Remedies Code, more commonly referred to as the "Survival Statute," for the conscious physical pain and mental anguish suffered by the Decedent during the period of time he lived following the accident; for the reasonable amount of expenses for the funeral and burial of Paul Wayne Castro; and for the loss of enjoyment of life which he would have had, except for the statutory violations and negligent conduct of Defendant herein.

This cause of action is also brought under Section 71.002 et. seq. of the Texas Civil Practice and Remedies Code, more commonly referred to as the "Wrongful Death Act" to recover on behalf of all of the statutory beneficiaries of Paul Wayne Castro as set forth in Section 71.004.

8. The Plaintiffs, on Behalf of the Estate of Paul Wayne Castro, are entitled to the following legal damages because of the death of Paul Wayne Castro:

   a. Conscious pain and suffering experienced prior to his death;

   b. Mental anguish experienced prior to his death;

   c. Medical expenses; and

   d. Funeral and burial expenses.

All of the above enumerated damages were proximately caused by the negligence of the Defendant and/or its servants, representatives, agents and/or employees, acting within the course and scope of their employment and/or agency. Based on the foregoing, all of the Plaintiffs plead for an amount of actual damages which the jury deems reasonable under the circumstances, which is in excess of the minimum jurisdictional limits of this Court.

Plaintiffs, Raynaldo and Lorraine Castro are entitled to at least the following legal damages as a result of the conduct of the Defendant:

    a.    Loss of consortium, love, affection, companionship, society, support, counsel, guidance and contributions suffered, in the past, as a result of the death of their son;

    b.    Loss of consortium, love, affection, society, support, counsel, guidance and contributions that, in reasonable probability, will be suffered in the future as a result of the death of their son;

    c.    The grief, bereavement, emotional pain, mental anguish, torment and suffering experienced, in the past, because of the death of their son; and

    d.    The grief, bereavement, emotional pain, mental anguish, torment and suffering, in reasonable probability, they will suffer in the future as a result of the death of their son.

Each of the foregoing items of damage are in excess of the minimum jurisdictional limits of the Court.

9. Plaintiffs herein would demonstrate that notice has been properly sent herein.

10. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that citation and notice issue in accordance with the law; that Plaintiffs recover their actual damages; that Plaintiffs recover costs of this proceeding; that Plaintiffs recover prejudgment and postjudgment interest at the maximum rates and in the greatest amounts permissible under law; and that Plaintiffs have such other and further relief to which they may be justly entitled.

        Respectfully submitted,

        THOMAS C. HALL, P.C.

By:    */s/ Thomas C. Hall*
        _____
        Thomas C. Hall
        110 Broadway, Suite 550
        San Antonio, TX 78205
        State Bar #: 08774550
        Facsimile: 210/222-1156
        Email: hall@tomhall-lawyer.com and rachelle@tomhall-lawyer.com
        Telephone: 210/222-2000
        **ATTORNEYS FOR PLAINTIFFS**